UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WAKENNA S. DOWELL,<br><br>      Plaintiff,<br><br>-against-<br><br>QUONTIC BANK, et al.,<br><br>      Defendants. | 25-CV-3995 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff, who resides in Columbia, South Carolina, brings this action *pro se*. Plaintiff invokes as the basis for her claims 42 U.S.C. § 1981, Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e-2000e-17, and the New York State Human Rights Laws. Plaintiff alleges that she was subjected to different terms and conditions of employment, and ultimately fired from her position in Melville, New York, in Suffolk County, due to discrimination based on her race and color. For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

## DISCUSSION

  Title VII includes a venue provision, which provides that claims may be brought

> in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases be considered a district in which the action might have been brought.

42 U.S.C. § 2000e-5(f)(3).

By contrast, claims brought under Section 1981 are governed by the general venue statute, 28 U.S.C. § 1391. *See, e.g.*, *Holmes v. Romeo Enters.*, LLC, No. 15-CV-3915 (VB), 2015 WL 10848308, at *3 (S.D.N.Y. Nov. 2, 2015). Under the general venue provision, a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

For purposes of venue, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Venue of Plaintiff's Title VII claim is proper, under Section 2000e-5(f)(3), in "any judicial district in the State in which the unlawful employment practice is alleged to have been committed." Plaintiff alleges that she worked remotely in Melville, New York (ECF 1 at 3), which is Suffolk County, in the Eastern District of New York. 28 U.S.C. § 112(c). Venue of Plaintiff's Title VII claim is therefore proper under Section 2000e-5(f)(3) in the Eastern District of New York, and in any district in the State of New York.

In a case in which multiple claims are joined, however, venue must be proper for each claim. *See Kim v. Lee*, 576 F. Supp. 3d 14, 23 (S.D.N.Y. 2021) ("Where a plaintiff asserts multiple claims, venue must be proper as to each of the claims asserted . . .") (quotation marks

and citation omitted), *aff'd*, No. 22-61, 2023 WL 2317248 (2d Cir. Mar. 2, 2023).[1] Plaintiff's allegations give no indication that venue of her Section 1981 claim is proper in this district.

Plaintiff lists addresses for Defendants in Suffolk County, and her claims appear to have arisen in her workplace in Suffolk County, in the Eastern District of New York. It therefore is unclear if venue of Plaintiff's Section 1981 claim is proper in this district.

Even if venue is proper in the district where a case is filed, a court may transfer the case "[f]or the convenience of parties and witnesses, in the interest of justice" to any other district where it might have been brought. 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors). A plaintiff's choice of forum is accorded less deference where plaintiff does not reside in the chosen forum and the operative events did not occur there. *See Iragorri v. United Tech. Corp.*, 274 F.3d 65, 72 (2d Cir. 2001).

---

[1] *See also Stone #1 v. Annucci*, 2021 WL 4463033, at *13 (S.D.N.Y. Sept. 28, 2021) ("Where a plaintiff asserts multiple claims, venue must be proper as to each of the claims asserted, but a common factual basis between a claim where venue is proper and one where venue is improper may defeat dismissal of a claim for improper venue.") (citation and quotation omitted).

Because venue is proper in the Eastern District of New York, both for Plaintiff's Section 1981 claim and her Title VII claim, the Court concludes that transfer to the Eastern District of New York, where both claims can be heard, is in the interest of justice. 28 U.S.C. § 1404(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this Court. This order closes the case in the Southern District of New York.

SO ORDERED.

Dated:   May 14, 2025
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge